UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHELSIE NITSCHKE AND<br>CYNTHIA GEORGE,<br><br>    Plaintiffs,<br><br>v.<br><br>326 WELCH PARTNERS;<br>AVENUE CONSTRUCTION, LLC;<br>BARNETT DESIGN STUDIO, LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 3:25-cv-00217<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

### I. INTRODUCTION

This case alleges violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq, at an apartment complex in Nashville, Tennessee. The Defendants 326 Welch Partners and Avenue Construction, LLC, have moved for judgment on the pleadings (Doc. No. 28), and admit most allegations in the Complaint. Additionally, they admit allegations on liability for these violations. Plaintiffs' motion will be granted and Defendants are liable for FHA violations. The Court reserves determination of damages and injunctive relief.

### II. STATEMENT

Cynthia George and Chelsie Nitschke are both residents of Tennessee and have a disability. (Doc. No. 1 at 2–3 (¶¶ 8–9)). They attempted to access the apartment complex but could not due to their disability.

326 Welch Partners participated in the design and construction of the apartment complex, hired various contractors to design and build it, and is its owner. (Doc. No. 1 at 3 (¶ 10); Doc. No.

1

19 at 2 (¶ 10)). Avenue Construction served as the construction company for the apartment complex, hired contractors to build it, and supervised its construction. (Doc. No. 1 at 3 (¶ 11); Doc. No. 19 at 2 (¶ 11)).

Barnett Design Studio, LLC, ("BDS") is also named as a defendant and provided "certain architectural services with respect to" the apartment complex (Doc. No. 12 at 3 (¶ 12)). BDS denies it owns or has ever owned any interest in the apartment complex and denies that they are its apartments. (Id. at 5 (¶ 27)). BDS has not participated in this motion.

The apartment complex is a four-story building with approximately 129 units. (Doc. No. 1 at 6 (¶ 21); Doc. No. 19 at 3 (¶ 21)). It was designed and constructed for first occupancy after March 12, 1991. (Doc. No. 1 at 7 (¶ 22); Doc. No. 19 at 3 (¶ 22)). Plaintiffs allege, and the Defendants admit, that the apartment complex contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7), and that the covered multifamily dwellings at the property are subject to the requirements of 42 U.S.C. § 3604(f)(3)(C). (Doc. No. 1 at 7 (¶¶ 21–24); Doc. No. 19 at 3 (¶¶ 21–24); Id. at 4 (¶¶ 40, 42)).

Defendants admit, generally, that there are certain elements of the apartment complex that do not comply with the FHA, the Fair Housing Act Accessibility Guidelines, and other accessibility standards (Doc. No. 19 at 2–4 (¶¶ 17, 26–27, 34–38)). Defendants, however, deny Plaintiffs' allegations that Defendants committed "discrimination" (Id. at 1 (¶ 4), 3 (¶¶ 29–33) and 4 (¶¶ 38, 41, 42–43)), but "acknowledge that Plaintiffs are entitled to judgment against them. Defendants are willing to remediate the violations of the FHA and remove barriers to the extent that removal is structurally and technically feasible or readily achievable. Defendants are willing to pay Plaintiffs the reasonable attorneys' fees that they have incurred, as well as any actual damages that they have suffered." (Id. at 5.)

## III. STANDARD OF REVIEW

The standard of review applicable to a motion for "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable under Rule 12(b)(6). Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998), accord JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008) (quoting S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973)). "[T]he court 'need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true,' " and the " 'complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory' " to survive dismissal. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (internal citations omitted).

It is "inappropriate" for courts "to consider evidence outside of the pleadings for the purposes of a Rule 12(c) motion." Ross v. PennyMac Loan Servs. LLC, 761 F. App'x 491, 494 (6th Cir. 2019). If a court considers "matters outside the pleadings" when analyzing a Rule 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Courts may not convert Rule 12(c) motions into Rule 56 motions unless all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." Id. "[W]e have never held that consideration or reliance was required under Rule 12(c) for conversion to a motion for summary judgment. . . . [T]he plain language of Rule 12(c) does not require these additional steps; it only requires the presentation of matters outside the pleadings and the district court's failure to exclude such matters." Max Arnold & Sons, LLC v. W.L. Hailey & Co., 452

3

F.3d 494, 503 (6th Cir. 2006). "The district court remains free to refuse to accept materials outside the pleadings in order to keep the motion under Rule 12(c)." Id. (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371 (3d ed. 2004)).

IV. **ANALYSIS**

A. **The Court excludes the Heybeck Report**

The Court exercises its discretion and declines to consider the Heybeck Report. By doing so, the Court avoids conversion of Plaintiffs' motion into a motion for summary judgment. Max Arnold, 452 F.3d at 503. Many other courts have done the same. See Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund, 203 F.3d 926, 931 (6th Cir.2000); Tang Cap. Partners, LP. v. BRC Inc., 661 F. Supp. 3d 48, 60 (S.D.N.Y. 2023) (declining to consider expert report attached to plaintiff's opposition to a motion to dismiss); Pyatt v. Raymond, 462 F. App'x 22, 24 (2d Cir. 2012), as amended (Feb. 9, 2012) (summary order) ("[t]he district court did not err by declining to examine" documents not attached, incorporated, or integrated into the complaint, including expert reports, attached to plaintiff's opposition to a motion to dismiss); Jordache Enterprises, Inc. v. Affiliated FM Insurance Co., No. 21-CV-5433, 2022 WL 986109, at *6 n.8 (S.D.N.Y. March 31, 2022) (declining to consider expert reports submitted with plaintiff's opposition to a motion to dismiss because they were not "written instruments" attached to the complaint as exhibits, incorporated into it by reference, or integral to the complaint); Marsilio v. Vigluicci, 924 F. Supp. 2d 837, 847 (N.D. Ohio 2013) (declining to consider a letter, not referenced in the complaint, attached to an opposition to a motion to dismiss); McLaughlin v. Copeland, 435 F. Supp. 513, 519 (D. Md. 1977) (declining to consider "appendix" attached to opposition to motion under Fed. R. Civ. Pro. 12(b)(2)).

4

### B. The Court considers only liability

The Court grants the motion for judgment on the pleadings and finds Defendants liable for violation of the FHA. The apartment complex contains residential apartments that are dwellings within the meaning of 42 U.S.C. § 3602(b). The Plaintiffs have standing to sue as "aggrieved persons as defined in 42 U.S.C. § 3602(i). At the apartment complex, all ground-floor units and upper floor units served by elevators are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. As a result of the admitted violations, Defendants have failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008). Additionally, the public- and common-use areas of the apartment complex are also subject to the design and construction requirements of the Americans with Disabilities Act ("ADA"), 42 USC. § 3604(f)(3)(C) and 42 U.S.C. § 12101, et seq. The Defendants have discriminated against disabled persons by failing to maintain public and common areas in compliance with the ADA.

The Court notes certain discrepancies between the Complaint and the Answer, including Defendants' denial of Plaintiffs' claims regarding discrimination at paragraphs 29–33. Additionally, in their moving papers, the Plaintiffs raise concern that the Defendants have denied liability under, they argue, the different standards of the FHA as compared to the ADA.

> [B]ecause the defendant in this case has denied certain factual allegations in its answer, the plaintiffs suggest that the Court cannot, as a matter of law, grant the underlying motion.
>
> But the plaintiffs misinterpret the governing standards. While it is true that the moving party in a Rule 12(c) motion must "clearly establish[ ] that no material issue of fact remains to be resolved," it need not—as the plaintiffs suggest—admit or concede all factual allegations to satisfy this burden. Iowa Beef Processors, Inc. v.

5

> Amalgamated Meat Cutters, 627 F.2d 853, 855 (8th Cir. 1980). Rather, in evaluating a Rule 12(c) motion, the Court must view all facts pleaded by the nonmoving party as true. Poehl [v. Countrywide Home Loans, Inc., 528 F.3d 1093,[] 1096 [(8th Cir. 2008).] And if the moving party has previously denied the validity of those facts, such denials are "assumed to be false" or are otherwise without effect, for the purposes of the motion. Rimmer v. Colt Indus. Operating Corp., 656 F.2d 323, 326 (8th Cir. 1981). Accordingly, the defendant's denials in a previously filed responsive pleading are of no concern to the Court at this stage of the proceedings.

Meyer Nat. Foods, LLC v. Liberty Mut. Fire Ins. Co., 218 F. Supp. 3d 1034, 1037 (D. Neb. 2016). This principle applies in the present matter.

The Court reserves determination of the appropriate remedy in this case. The Parties have agreed to proceed to mediation on February 19, 2026.

An appropriate order will enter.

                                                       */s/ Waverly D. Crenshaw, Jr.*
                                                       WAVERLY D. CRENSHAW, JR.
                                                       UNITED STATES DISTRICT JUDGE